HARDY, Judge.
Plaintiffs, Edward S. Babb and Mitchell Guy, fathers of the minors Raymond Babb and Lamar Guy, respectively, brought two suits in the Ninth Judicial District Court in and for Rapides Parish, Louisiana, which actions were consolidated for trial below and are now presented to this Court on appeal of the plaintiffs as a consolidated case.
Plaintiffs seek recovery of substantial amounts of damages representing reimbursement of medical and other expenses for themselves and damages for personal injuries sustained by the minors.
Defendants are the Seven-Up-Bottling Company, a commercial partnership, the individual partners thereof, and the liability insurer, American Mutual Liability Insurance Company.
The accident which is the basis of this suit is alleged to have occurred about 5:45 p. m. on the evening of November 5, 1948, near the point where Wall Street, leading from the town of Lecompte, Louisiana, intersects U. S. Highway 71. At the time plaintiffs’ minor sons, Raymond Babb and Lamar 'Guy, were riding a motorcycle owned and operated by the former when allegedly the said motorcycle was hit by a truck owned by the defendant bottling company and operated by its employee, Benjamin Richie, in the course and scope of his employment. The particular negligence charged to the driver of the truck is that suddenly and without warning he swerved his truck, which was proceeding north on the highway, across the center line thereof to the truck’s left in the path of the boys’ motorcycle, which was traveling south on its proper right-hand side of the highway; that as a result the side of the truck sideswiped or struck the motorcycle, knocking it over and causing the injuries complained of.
After trial there was judgment in favor of defendants rej ecting plaintiffs’ demands, from which plaintiffs have appealed. No written reasons for judgment were assigned by the District Judge.
In our opinion this case turns upon the question of the identification, vel non, of defendant’s truck as being the vehicle which was allegedly involved in the accident. This identification is a fact which is required to have been established by plaintiffs by a preponderance of the evidence. The question of negligence in this instance is secondary and subordinate to the founda *96 tion upon which it must rest, that is, the identification of the truck.
Careful consideration of the somewhat voluminous record, embracing the detailed testimony of numerous witnesses, and study of the arguments advanced in able and elaborate briefs of respective counsel, have led us to the conclusion that plaintiffs have signally failed to properly discharge their burden of proof on the point above noted.
As a matter of fact, we do not find it necessary to devote any considerable amount of .detailed discussion to the reasons for our conclusion. We are so impressed with the conflicts, contradictions and obvious incredibility of the testimony of a number of plaintiffs’ material witnesses, which in some instances, in our opinion, bordered upon perjury, that, on the whole, we can accord. little weight or credence to the evidence adduced in support of plaintiffs’ claims. As a consequence our discussion will be confined to a summary of those facts which we feel are determinative of the point.
At the time of the accident the motorcycle ridden by plaintiffs’ sons was being closely followed by another motorcycle operated by one Edgar Fowler, an 18 year old youth who was a close friend of Ba'bb and Guy. The story of these three young men is to the effect that at the point set forth the collision occurred as the result of the described negligence of the driver of the bottling company’s truck, which did not stop at the scene of the accident but continued on its course in the direction of Alexandria. Fowler testified that he stopped a car which was traveling north on the highway, and came upon the scene of the accident almost immediately after its oc-curence, and cried to the driver to try to overtake “that bottling truck”. It developed on trial that the car in question was driven by ene E. C. Lilly, territory manager for the B. F. Goodrich Company. Fowler further -testified that,, being uncertain whether the driver of the car was going to catch the truck, he mounted his motorcycle, turned around and himself set off in pursuit of the truck, which he halted some several miles up the road before Lilly reached it. This testimony is squarely, and we think conclusively, contradicted by Lilly, whose very straightforward 'and credible story as narrated in his testimony is that he overtook the truck on the highway about five miles north of the scene of the accident, at which time the truck was traveling at about 35 miles per hour; that in company with the truck driver he examined the truck for the possible existence of marks, scars or' scratches which would identify it as having been involved in the collision; that Richie, the driver of the truck, denied having been involved in any accident of that nature and that no- physical evidence of an -accident appeared to be present on the truck at any point; that only when the truck driver was about to re-enter the cab of his truck and proceed to Alexandria, and not until then, did the Fowler boy arrive on his motorcycle.
There is evident from the testimony of plaintiffs’ witnesses a serious uncertainty and conflict with respect to any adequate and exact description of the truck which was assertedly' involved in the accident. Some of the witnesses testified that it was a red truck, but the bottling company’s truck driven by Richie is a white truck and the only red is on the rear of the truck where the familiar Seven-Up insignia is displayed. The two boys who were injured in the accident could throw no real light on the question of the identification of the vehicle. As a matter of fact, the only conclusion is that they did not see the vehicle, if indeed there was one, which collided with the motorcycle sufficiently to make any identification and they rely in justification of the conclusion that it was a bottling truck purely upon the proposition that they heard the noise of the bottles at the time of the impact. One of plaintiffs’ witnesses, by which the attempt at identification was made, was shown to have been inside of a nearby store using the telephone at the time and did not see the accident.
We dismiss the effect of the testimony of a number of plaintiffs’ witnesses who attempted to identify the bottling truck as the accident vehicle on the ground that quite obviously their so-called identification is predicated upon conclusions based upon *97 Speculations and circumstances and not on any real facts.
Concededly the bottling truck was in the general vicinity at the time of the accident, but this fact standing alone offers no justification for the conclusion sought. And, countering the effect of plaintiffs’ contentions, we are impressed with the testimony of Richie, the truck driver, who denied any involvement in the accident. This witness testified that his truck was equipped with a governor which limited its top áttainable speed to approximately 42 or 43 miles per hour. Yet the testimony of plaintiffs’ witnesses-is to the effect that the’truck which caused the accident was traveling at the excessive speed of 60 to 65 miles per hour. Supporting the witness Richie is the further testimony of the witness Lilly, the testimony of a State Highway Trooper, and the testimony of other witnesses to the effect that examination of the truck disclosed no evidence of any collision, not even by so much as the brushing off of the road film of dust occasioned by its highway travel.
We forbear in a spirit of kindness from commenting upon the numerous inconsistencies that are obvious in the testimony of plaintiffs’ witnesses. It suffices that we have found not the slightest difficulty in, arriving at the firm conclusion that plaintiffs have completely failed to establish the identification of the bottling company truck upon which fact their claims depend.
Our attention has been called to the recent case of Lambert v. Travelers Indemnity Co., 42 So.2d 146, decided by the Court of Appeal for the First Circuit. This case also involved the question of identification of the truck which allegedly caused the accident in question. The District Court gave judgment for plaintiff, which judgment was reversed by our brethren of the First Circuit. Careful reading of the Lambert case indicates that the evidence adduced in support of the attempted identification of the vehicle concerned therein was more impressive in nature and character than in the instant case, notwithstanding which the demands of plaintiff were rejected.
In the matter before us we are further assured of the correctness of our conclusion by the fact that the District Judge who had the opportunity to observe the witnesses and hear their testimony at first-hand rejected plaintiff’s demands. We find no error, manifest or otherwise, in this judgment.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost